UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          :
                                  :
         *versus*                 :       CRIMINAL NO. 13-44-BAJ-SCR
                                  :
TRAVIS TRUMANE BARLOW             :

**PLEA AGREEMENT**

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to Count One of an Indictment charging possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, the United States will move to dismiss Count Two at the time of sentencing and no additional criminal charges related to the violations contained in the Indictment will be brought against the defendant in this district.

3.

The defendant agrees to fully and truthfully complete the financial statement provided to him by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten (10) days of this agreement being filed with the Court. Further, upon request, he agrees to provide the Office of the United States Attorney with any information or documentation in his possession regarding his financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against him,

including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate his capacity to pay the government's claim or judgment against him, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, he may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

4.

The defendant understands that, as a result of this Plea Agreement, the defendant could receive a maximum sentence of not more than ten (10) years imprisonment, a fine of $250,000, or both. In addition, as a result of this plea agreement, the Court must impose a special assessment of $100, which defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law.

The defendant understands that, if the Court imposes a term of imprisonment, the Court shall impose a term of supervised release after imprisonment of not more than three (3) years. The defendant further understands that supervised release is a period of supervision during which he must comply with certain rules. A violation of the conditions of supervised release can subject the defendant to imprisonment for a term of up to two (2) years, without credit for any time already served on the term of supervised release.

The defendant further understands that should the Court find that he has three or more previous convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another, then the maximum penalty would be a term of imprisonment of not less than fifteen (15) years, a $250,000.00 fine, or both. The defendant shall not be placed on probation nor the sentence suspended. The Court may also impose a term of supervised release of not more than five (5) years, and a violation of the conditions of supervised release can subject the

defendant to imprisonment for a term of five (5) years, without credit for time already served on the term of supervised release.

The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

5.

The United States and the defendant further agree that should the Court, at the time of sentencing, find that, pursuant to Section 3E1.1(a), United States Sentencing Guidelines, the defendant qualifies for a two level decrease in offense level for acceptance of responsibility, and prior to the operation of Section 3E1.1(a) the defendant's offense level is 16 or greater, the United States will move the Court pursuant to Section 3E1.1(b), United States Sentencing Guidelines, to decrease defendant's offense level by one additional level for acceptance of responsibility.

6.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

> On September 24, 2012, officers of the Baton Rouge Police Department were dispatched to an apartment complex located at 801 Swan Street, Baton Rouge, Louisiana, in response to a 911 call reporting a disturbance involving a firearm. Upon arriving at the scene, officers saw two individuals, one of whom was the defendant, TRAVIS BARLOW, fleeing the apartment complex on foot. The fleeing individuals fit the description of the individuals described in the 911 phone call. The officers gave chase, caught the defendant and the other individual and detained them.
>
> Upon further investigation, officers learned that the defendant had arrived at the apartment complex in a black Chrysler 300. Officers located the vehicle and upon looking through the passenger window, saw a pistol magazine in the cup holder between the front passenger and driver's seat.
>
> Officers also learned during the course of the investigation that a witness had seen the defendant running with the firearm

3

tucked in his waistband and that the defendant had hid the firearm in a red Chevy Malibu. Officers located the owner of the Chevy Malibu and obtained her consent to search the vehicle. A Ruger, Model P89, 9mm pistol with serial number 3159101 was found underneath the front passenger seat. The owner of the vehicle denied owning the firearm. The magazine recovered from the Chrysler 300 fit the firearm recovered from the Chevy Malibu. Neither the firearm nor the ammunition were manufactured in Louisiana and therefore had previously traveled in interstate commerce.

The defendant previously pled guilty to felony Possession with Intent to Distribute Marijuana on November 30, 2005. Barbara Mason of the Louisiana State Police Bureau of Identification conducted a fingerprint comparison of the defendant's September 24, 2012 arrest and his prior felony conviction and it revealed them to be the same individual.

The defendant understands that the Court is not bound by this stipulation.

7.

The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; (c) any punishment which is above the guidelines range calculated by the Court; and (d) the Court's ruling dated July 16, 2013, denying the defendant's Motion to Suppress (Doc. No. 20, filed July 16, 2013). Such appeal shall be limited to the rulings specifically contained therein, namely (1) that the defendant lacked standing to challenge the seizure of the pistol magazine taken from the Chrysler on September 24, 2012; (2) that the seizure of the ammunition was lawful under the plain view doctrine; and (3) that the affidavit for a state court search warrant issued on March 25, 2013 for the collection of the defendant's saliva was sufficient to support a finding of probable cause

under the totality of the circumstances. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

8.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to him as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that he has not been threatened, intimidated, or coerced in any manner.

9.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that he fully understands the agreement. The defendant has no objection to the legal representation he has received.

This Plea Agreement is entered into this 7Th day of November, 2013, at Baton Rouge, Louisiana.

*Travis Barlow*
TRAVIS TRUMANE BARLOW
DEFENDANT

UNITED STATES OF AMERICA, by

J. WALTER GREEN, LBN 27812
ACTING UNITED STATES ATTORNEY

DAVID BOURLAND, LBN 03327
ATTORNEY FOR DEFENDANT
10101 Siegen Lane Building 3, Suite A
Baton Rouge, LA 70802
Telephone: (225) 767-0312

SHUBHRA SHIVPURI, NYBN 4694295
ASSISTANT U.S. ATTORNEY
777 Florida Street, Suite 208
Baton Rouge, LA 70801
Telephone: (225) 389-0443