UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| TRAVIS TRUMANE BARLOW | NO. 13-CR-0044-BAJ-EWD |

### RULING AND ORDER

Before the Court is Travis Barlow's ("Defendant") **Motion and Memorandum Seeking to Alter or Amend Order Denying Habeas Relief, Pursuant to Fed. R. Civ. P. 59(3). (Doc. 113)**. For the reasons stated below, the Court DENIES Defendant's motion.

### I. FACTUAL AND PROCEDURAL HISTORY

Defendant was indicted on March 21, 2013 for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and being a felon in possession of ammunition, also in violation 18 U.S.C. § 922(g)(1). (Doc. 1). On April 4, 2013, Defendant's attorney filed a motion to suppress, which was subsequently amended (Docs 10, 11, & 13). In the motion, Defendant's attorney requested that the Court suppress the ammunition found in the vehicle. (Doc. 10 at pp. 1-2). Defendant's attorney also challenged the warrant that authorized the collection of Defendant's DNA. (Doc. 11 at p. 1).

1

Following a hearing on the motion to suppress on June 19, 2013 (Doc. 20 at p. 3), the Court dismissed the motion, finding that Defendant did not have standing to challenge the search of the rental car, as he was not an authorized user of the vehicle. (Id. at p. 5). The Court further found that even if Defendant had standing, the officers lawfully seized the ammunition in the vehicle pursuant to the plain view doctrine. (Id. at p. 8). Defendant entered into a plea agreement with the United States on November 7, 2013 wherein Defendant agreed to plead guilty to Count One of the indictment in return for the United States dismissing Count Two. (Doc. 33). On October 1, 2014, Defendant was sentenced to 235 months in the custody of the United States Bureau of Prisons. (Doc. 54). On that same day, Defendant filed his notice of appeal. (Doc. 51).

Defendant's appellate counsel filed an *Anders* brief with the United States Court of Appeals for the Fifth Circuit, asserting that there were no non-frivolous grounds to appeal. *See United States v. Barlow*, 61 F.App. App'x 131, 131 (5th Cir. 2016). Although Defendant filed his own response, the Fifth Circuit reviewed the record and dismissed Defendant's appeal. *Id.*

On December 13, 2016, Defendant filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. (Doc. 85). That motion was denied on July 9, 2018. (Doc. 111). Now, Defendant brings the instant motion to alter or amend the Order denying his previous motion to vacate. (Doc. 113).

## II. STANDARD OF REVIEW

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).[1] [A] motion to alter or amend the judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010).

The manifest error standard is a high one. "A manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) *quoting Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004). "For example, the motion would be properly taken if the court patently misunderstood a party, making a mistake not of reasoning but of apprehension." *Id.* at *3 n. 5 (citing *Gregg v. Am. Quasar Petroleum Co.*, 840 F.Supp. 1394, 1401 (D.Colo.1991)). In other words, "[a] motion for reconsideration is proper when the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension, or there has been a significant change or development in the law or facts since the submission of the issues to the court." *Gregg*, 840 F.Supp. at 1401 (citing *EEOC v. Foothills Title Guar. Co.*, Civ.A. No. 90-A-361, 1991 WL 61012, at *3 (D.Colo. Apr.12, 1991)).

---

[1] The Court notes that Defendant's Motion was filed on August 24, 2018, well over the 28 days permitted under Fed. R. Civ. P. 59(e). However, in light of Defendant's *pro se* status, and in light of the fact that the instant matter is unopposed, and in the interest of justice, the Court shall address the merits of Defendant's claims.

3

## III. ARGUMENTS AND LEGAL ANALYSIS

### A. Defendant is not Entitled to Relief Under *Sanders v. United States*, 373 U.S. 1, 83 S. Ct. 1068 (1963)

In a scattershot manner, Defendant first argues that he should have been allowed to amend his petition for habeas relief in light of the ruling in *Sanders v. United States*, 373 U.S. 1, 83 S. Ct. 1068, 1077 (1963) wherein the Supreme Court stated that " a ... determination on the merits is deemed made of an application raising factual issues not conclusively resolved by files and records." (Doc. 113 at p. 7).

This Court followed the rule set forth in *Sanders*. As cited by Defendant himself: "[a] federal court has power to deny a motion to vacate under 2255 (sic) on grounds that the motion only states legal conclusions with no factual allegations even though the better course may be to direct the movant to amend his motion." (Id.). At the time of the hearing, Defendant did not allege facts that would allow the Court to grant his ineffective assistance of counsel claim. The Court was well within its authority to deny Defendant's motion, having considered the arguments presented, and did not conclusively base its decision by relying only on "files and records," but on the prevailing legal authority. Defendant failed to establish multiple criteria required for an ineffective assistance of counsel claim. Defendant has failed to establish that there was a manifest error in the Court's judgement dismissing defendant's habeas motion.

4

## B. Defendant is not Entitled to Relief under *Byrd v. United States*, 138 S. Ct. 1518 (2018)

Defendant also requests the Court to amend its prior judgement based on new, allegedly controlling precedent set forth in *Byrd v. United States*, 138 S. Ct. 1518 (2018). (Doc. 113 at p. 8). Specifically, Defendant contends that *Byrd* provides an individual with standing to challenge the search of an automobile even if he was not the authorized driver under the rental agreement. (Id.). Defendant claims that *Byrd*, in conjunction with Fed. R. Crim. P. 11(a)(3), allows him to withdraw his conditional plea agreement. (Id.).

Fed. R. Crim. P. 11(a)(3) provides that "a defendant *who prevails on appeal* may withdraw his conditional plea." (Emphasis added) Here, Defendant puts the cart before the horse in arguing that because of *Byrd*, Fed. R. Crim. P. 11(a)(3) is triggered. Defendant was unsuccessful on his first appeal. Defendant's claims have not been adjudicated in the currently pending appeal. Until such time, Fed. R. Crim. P. 11(a)(3) has no bearing on this case, or this Court's decision to alter or amend its prior judgment.

Defendant claims that in light of *Byrd*, he was not afforded a full and fair trial, as his claims were foreclosed by *United States v. Riazco*, 91 F.3d 752, 754 (5th Cir. 1996) *abrogated in part by Byrd*, 138 S. Ct. at 1531. Again, Defendant puts the cart before the horse. This Court considered *Byrd* in its original ruling and held that because Defendant had full and fair opportunity to litigate his claim in pre-trial proceedings and on direct appeal, the promulgation of new case law focused on

interpretations of the 4th Amendment does not necessitate that the Court grant Defendant's requested relief. (Doc. 111 at p. 3, n. 1). This matter is now on appeal. To allow the mere potentiality that *Byrd* may have some bearing on this matter on appeal to cause this Court to alter or amend its final judgment would lead to absurd results. Furthermore, Defendant's arguments concerning *Byrd* are mooted, as this Court found that even if Defendant *did* have standing to challenge the search, the recovery of the evidence in question was obtained under the plain view doctrine. (Doc. 20 at p. 8).

Defendant further argues that because of *Byrd*, the plain view and warrantless search doctrines are inapplicable to his case. (Doc. 113 at p. 9). Defendant argues that because the Supreme Court disagreed with the government's arguments concerning the plain view doctrine in *Byrd*, the plain view and warrantless search doctrines do not apply to Defendant's case. (Id.). Defendant gives no further explanation concerning which parts of *Byrd* are applicable to this matter.

Defendants' argument is untenable for the same reasons his other arguments have thus far been misplaced. Simply because the Supreme Court found in one case that the plain view and warrantless search doctrine were inapplicable due to the facts unique to that case, does not mean that the plain view and warrantless search doctrines are inapplicable to *all* cases. Defendant has not addressed the facts in *Byrd*, or how, if at all, they apply to the instant matter.

## C. Defendant is not Entitled to Relief Under *Mathis v. United States*, 136 S. Ct. 2243 (2016)

Defendant cites *Mathis v. United States*, 136 S. Ct. 2243, 2249, 2255 (2016) for the proposition that when deciding whether a statute is divisible or indivisible, the Court cannot inquire how the defendant committed the offense and rather must consider the least culpable conduct that can satisfy that element as a whole. (Doc. 113 at p. 10).

Defendant argues that the Court improperly found that his prior convictions were divisible, and that the Court denied relief on his claim because the government invoked the waiver he signed. (Id. at p. 11). Defendant further argues that as *Mathis* is a "substantive decision" which did not exist at the time of his original hearing, it should retroactively applied pursuant to *Welch v. United States*, 136 S. Ct. 1257, 1259 (2016). (Id.).[2]

Defendant has raised this argument before in his underlying habeas petition. (Doc. 111 at p. 12). On a motion to alter or amend a judgment, Defendant must clearly establish either a manifest error of law or fact, or must present newly discovered evidence. This motion cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Rosenblatt*, 607 F.3d 413, 419. The Court finds that Defendant raises no new arguments in this motion, nor has he established a manifest error of law or fact.

---

[2] The Court is unclear to what end Defendant cites *Mathis* or what particularly Defendant is arguing in this instance; however, to the extent that it is relevant to the instant motion, the court notes that identical arguments were made in Plaintiff's habeas petition, discussed *infra*.

7

D. **Holding "Minimal" Amounts of Marijuana has no Bearing on the Sentencing Enhancements Applied to Defendant's Case**

Defendant cites *Moncrieffe v. Holder*, 569 U.S. 184 (2013) to establish that a conviction for possession of "trivial" amounts of marijuana should not qualify as prior conduct for enhancement purposes. (Doc. 113 at pp. 11-12). In *Moncrieffe*, United States Supreme Court found that trivial amounts of marijuana did not qualify for unappealable deportation under the Immigration and Nationality Act. *Id.* The Georgia statute setting forth the penalties for possession with intent to distribute controlled substances contains both the penalty for possessing large amounts of marijuana and an exception for possessing small amounts of marijuana where the activity would be considered to have been a misdemeanor rather than a felony. *Id.* at 185). The Supreme Court found that it was improper to simply take the statute under which the defendant was convicted at face value and find that it constituted a felony conviction when determining if prior crimes meet the Immigration and Nationality Act definition of "aggravated felony". *Id.*

Defendant requests that the Court apply similar logic when considering his prior convictions for possession of marijuana with intent to distribute. Specifically, Defendant avers that the amount of marijuana he possessed does not meet the federal standard for enhancement purposes due to the minimal amount of marijuana he was convicted of possessing. (Doc. 113 at pp. 11-12). Defendant offers no authority to support the applicability of *Moncrieffe* in a non-immigration context.

Moreover, the Federal Rules themselves do not set forth a minimum amount of a controlled substance that must be possessed before sentencing enhancements

may be applied. In the circumstance where a defendant has at least three prior convictions for a violent felony or serious drug offense or both, and is currently being charged with being a felon in possession of a firearm, the defendant can be considered an armed career criminal which would result in an enhancement pursuant to Sections 4B1.4 and (b)(1) of the United States Sentencing Guidelines. On three occasions Defendant pleaded guilty to Possession with Intent to Distribute Marijuana in the 19th Judicial District Court for Baton Rouge.[3] In all instances, Defendant was represented by counsel. (Sealed Doc. 36 at p. 9).

The statutory enhancement guidelines provided under 18 U.S.C. § 924(e)(1) provide that a defendant may be subjected to an enhanced sentence if the instant offense is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a violent felony or serious drug offence. Serious drug offense is defined as an offense under state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2).

Defendant was convicted of violating 18 U.S.C. § 922(g). (Doc. 54 at p. 1). Therefore, the possession of *any* amount of marijuana would be considered a "serious drug offense" under 18 U.S.C. § 924(e)(1) and La.R.S. 966(B)(2)(a) and La. Stat. Ann.

---

[3] Defendant was sentenced for the three separate incidents on November 30, 2005. (Sealed Doc. 36 at p. 11).

§ 40:966(B)(2)(a), thereby subjecting Defendant to the enhancement under the United States Sentencing Guidelines.[4]

### E. Knowing and Intelligent Waiver of Appeal Rights

Defendant claims that at the time that he waived his appeal, he was under the impression that by reserving his rights to appeal the Court's suppression ruling, he also preserved his right to appeal the sentence. (Doc. 113 at p. 12). Defendant claims that prior counsel failed to fully inform him that he was waiving his rights to challenge any aspect of the sentence. (Id.). Defendant asserts that if he had known that he was waiving his right to appeal the sentence, he would have preserved that right in the same manner as he preserved the right to challenge the suppression issue. (Id.). Defendant requests an evidentiary hearing on whether he received effective assistance of counsel and whether he willingly and knowingly gave up his appeal rights. (Id. at p. 13).

Defendant renounced his right to appeal his sentence when he bargained with the government for the dismissal of the second count of the indictment. (Doc. 33 at ¶ 2). Specifically, as part of the plea agreement that Defendant read and signed, Defendant:

> "expressly waive[d] the right to appeal his conditioned sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255 and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2)."

---

[4] A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. 924(e) is considered an armed career criminal. USSG § 4B1.4(a).

(Id. at ¶ 7.). The agreement also preserved Defendants right to appeal various aspects of the sentence, including the Court's July 16, 2013 ruling denying Defendant's Motion to Suppress. (Id.). Finally, the plea agreement also stated that:

> "defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that he fully understands the agreement. The defendant had no objection to the legal representation he received."

(Id. at ¶ 9). At the time of arraignment, and before accepting a plea agreement, the Court satisfied itself that Defendant had read the plea agreement, or had it read to him, and that he had entered into the agreement willingly and knowingly. These affirmations by Defendant were made under oath. Therefore, the Court finds that Defendant cannot now claim that he did not knowingly or intelligently agree to the terms of the plea agreement.

### F. Defendant is not Entitled to Relief Under *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012)

Defendant claims that the Supreme Court decision in *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012) stands for the proposition that when a state limits a claim for ineffective assistance of counsel to a collateral review, a prisoner may establish cause for default if (1) the ...court did not appoint counsel in the [habeas] proceeding or appointed council in that proceeding that was ineffective and (2) the underlying claim is a substantial one. (Id. at p. 14). Defendant argues that the Lawyers Paralegal Services' failure to allege certain facts was inexcusable neglect, such that his conviction should be amended. (Id.).

Defendant argues that his counsel, Lawyers Paralegal Services, failed to present certain facts that, had they been presented, would have rendered the current judgment manifestly unjust. (Id. at p. 16-17). Further, Defendant argues that the failures of his counsel caused him substantial prejudice and provide sufficient cause to amend the Court's prior judgment. (Id. at p. 17).

Defendant does not provide any specific instances where his counsel failed to properly execute their duties in representing him, and only makes broad statements that Lawyers Paralegal Services did not present certain crucial evidence. Defendant does not provide the Court with a description of the evidence or how it would have altered the result of his case, and how Lawyers Paralegal Services either knew or should have known of the existence of the evidence and failed to do their duty to present it as part of Defendant's defense. Defendant raised these arguments in his habeas motion. (Doc. 111 at p. 6). As Defendant has not raised any new arguments in the instant motion or provided any relevant recently changed case law, Defendant cannot establish that the Court committed a manifest error in denying his prior habeas petition.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's **Motion and Memorandum Seeking to Alter or Amend Order Denying Habeas Relief, Pursuant to Fed. R. Civ. P. 59(3). (Doc. 113)** is **DENIED**.

Baton Rouge, Louisiana, this 28th day of January, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA